# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0347, <u>In the Matter of Jacqueline Brown and Matthew Brown</u>, the court on March 30, 2021, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The petitioner, Jacqueline Brown (Wife), appeals an order of the Circuit Court (<u>Sadler</u>, J.) denying her motion to vacate the default judgment entered against her and to reconsider or vacate the final decree entered in her divorce from the respondent, Matthew Brown (Husband). We affirm in part, vacate in part, and remand.

On appeal, Wife first argues that the trial court erred by failing to vacate the default judgment against her. The record on appeal establishes that, on March 10, 2020, the trial court sent notice to Wife that her trial attorney had withdrawn from the matter. The notice informed her that, by March 25, 2020, she had to either obtain new counsel to represent her or file an appearance indicating her intent to represent herself. Wife did not respond to this notice. On April 29, Husband filed an expedited motion for a default judgment in which he also asked the court to allow him to file a proposed final divorce decree without holding a further hearing. Wife did not file an objection to Husband's motion. The court granted Husband's motion on May 12. Wife did not move to vacate the default judgment until June 12.

We will not disturb the trial court's ruling on the motion to vacate a default judgment unless the trial court erred as a matter of law or unsustainably exercised its discretion. <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 55 (2006). Based upon this record, we cannot conclude that the trial court either erred as a matter of law or unsustainably exercised its discretion when it denied Wife's request to vacate the default judgment.

Wife next asserts that the trial court erred by entering a final divorce decree without first affording her notice and an opportunity to be heard. We have previously explained that "[i]n equity proceedings such as divorce, actions that would constitute a default at law technically result in a judgment pro confesso in equity," which "results in the admission of all material and well-pleaded allegations of fact." <u>Douglas v. Douglas</u>, 143 N.H. 419, 426 (1999) (citation and quotation omitted). Because a decree <u>pro</u> <u>confesso</u> "admits only those well-pleaded facts alleged in the libel," we have held that "a properly noticed hearing must be held to determine the proper disposition of the parties' marital property." <u>Id</u>.

No such hearing was either noticed or held in this case.  The notice sent to Wife in March 2020 indicating that the court might enter a default judgment against her, failed to "clearly state[]" that, if she defaulted, "the court could immediately take up the distribution of marital assets."  Id. at 427.  Although Husband argues that the trial court's grant of his request to file a proposed final divorce decree without further hearing provided Wife with sufficient notice, we disagree under the unique circumstances of this case.  Here, as in Douglas, "[w]e conclude that it was error for the trial court to enter a permanent decree without granting the defaulted [party] a hearing on the proper disposition of the marital assets."  Id. at 426.

Accordingly, although we uphold the trial court's entry of a default judgment against Wife and its granting of the parties' divorce on the basis of Wife's treatment of Husband "as seriously to injure health or endanger reason," RSA 458:7, V (2018), we vacate that portion of the final decree addressing the value and distribution of the marital assets and remand for a hearing on that issue.  See Douglas, 143 N.H. at 426.

Affirmed in part; vacated in part; and remanded.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**